UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | ) CRIMINAL NO. 2:18-cr-26-DBH-2 |
| INYEMAR MANUEL SUAZO, | ) |
| | ) |
| DEFENDANT | ) |

## ORDER ON DEFENDANT'S MOTION TO DISMISS INDICTMENT OR FOR A BILL OF PARTICULARS[1]

The defendant Inyemar Manuel Suazo's motion to dismiss the superseding indictment is **DENIED**. In his Reply memorandum, he now agrees that the indictment is facially sufficient. Def.'s Reply at 1 (ECF No. 281). Moreover, I accept his declaration in the same document that his request for a bill of particulars is now **MOOT**. Id.

In his motion, Suazo asserted that the language of the indictment does not "indicate who may be guilty under an aiding and abetting theory and who as a principal." Def.'s Mot. to Dismiss at 7 (ECF No. 247). In his Reply he now maintains that "[t]he Government's outline of their case theory does not support an 'aiding and abetting theory' as to defendant Suazo," id. at 2, and asks me to strike the claim or not instruct the jury on aiding and abetting, id. at 3. I will

---

[1] Other defendants joined the defendant Suazo's motion: Carmelita Smith (ECF No. 280), Michael Dicicco (ECF No. 278), and Jhovanny Villalona (ECF No. 253). None has made any argument, however, and therefore my ruling on the defendant Suazo's motion disposes of their positions as well.

evaluate that argument at the end of trial, after the evidence has been admitted. "Aiding and abetting is 'an alternative charge in every . . . count, whether explicit or implicit.'" United States v. Palmer, 203 F.3d 55, 66 (1st Cir. 2000) (internal citation omitted). The government need not specify now which theory the evidence will support.

**SO ORDERED.**

**DATED THIS 13TH DAY OF NOVEMBER, 2018**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**