# UNITED STATES DISTRICT COURT

# DISTRICT OF MAINE

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **CRIM. NO. 2:18-CR-26-DBH-02** |
| **INYEMAR MANUEL SUAZO,** | ) | |
| | ) | |
| **DEFENDANT** | ) | |

## ORDER ON DEFENDANT'S MOTION TO SUPPRESS WIRE INTERCEPTS

The defendant Inyemar Manuel Suazo has moved to suppress intercepted electronic communications on the basis that the government did not establish necessity for the wiretaps, a requirement of the authorizing statute. Def.'s Mot. at 1 (ECF No. 248). The government and Suazo have stipulated that three applications, supporting affidavits, and authorizing orders from District Judge Paul J. Barbadoro in New Hampshire, provided under seal, see Nov. 14, 2018 Stipulation (ECF No. 284), cover the wiretaps.[1] Other defendants joined in Suazo's motion, but they made no separate arguments, and it is not my role to create arguments for those defendants. I therefore address only the arguments of Suazo, and treat the other defendants' positions as determined by my ruling on Suazo's motion.[2]

---

[1] Two wiretap orders concern the same phone, Target Telephone 11; the third involves two other phones: respectively, Target Telephones 10 and 12.

[2] The defendants who joined this motion are Michael Diccico (ECF No. 278), Carmelita Smith (ECF No. 280), and Marc Stevens (ECF No. 279).

In his Reply, Suazo accepts the government's statement that he was never intercepted over so-called Target Telephone 11. As a result, he agrees that "[t]here is no need to suppress the fruits of [Target Telephone] 11 when they fail to implicate Suazo," Def.'s Reply at 2 (ECF No. 282), and that his challenge to the two wiretap authorizations regarding Target Telephone 11 is now moot. That mootness disposes of two of the applications, affidavits and wiretap orders. I also conclude, for the reasons outlined below, that his motion to suppress the third wiretap, involving wire intercepts of Target Telephones 10 and 12, should be **DENIED**.

### *Standard of Review*

The First Circuit has held that a district judge (like me) reviewing a prior district judge's authorization of a wiretap (like Judge Barbadoro's) must apply the same standard as an appellate court: "The sufficiency of the affidavit is to be upheld where the appellate court determines that the issuing court could have reasonably concluded that normal investigatory procedures reasonably appeared to be unlikely to succeed." United States v. Ashley, 876 F.2d 1069, 1074 (1st Cir. 1989) (citing United States v. Abou-Saada, 785 F.2d 1, 13 (1st Cir.), cert denied, 477 U.S. 908 (1986)); United States v. Armocida, 515 F.2d 29, 38 (3rd Cir.), cert. denied, 423 U.S. 858 (1975). The First Circuit says that "this is the standard that must be employed by the district court whenever the court is 'reviewing' the prior district court authorization of a wiretap application in the course of a suppression motion challenging the facial sufficiency of the affidavit." Id. (internal citations omitted).

The First Circuit elaborated further on the standard of review in United States v. Rivera-Rosario, 300 F.3d 1, 19 n. 23 (1st Cir. 2002) (internal quotations and citations omitted), stating: "When reviewing a wiretap application, it is not our province to engage in *de novo* review of an application; instead, we test it in a practical and commonsense manner to determine whether the facts which it sets forth are 'minimally adequate' to support the findings made by the issuing judge." Accord U.S. v. López, 300 F.3d 46, 53 (citing Ashley for the proposition that review of the sufficiency of the government's necessity showing is not *de novo*, but only concerns whether the showing on the application and affidavit was "minimally adequate"). In light of that standard of review, I do not consider a number of arguments Suazo makes, such as the scope of the indictment the grand jury eventually returned, the discovery he has obtained in preparation for trial, and so on. Instead I assess the wiretaps based solely upon the application and the four corners of the affidavit submitted to Judge Barbadoro.[3]

### *Merits*

According to the authorizing statute, a wiretap application shall include: "[A] full and complete statement as to whether or not other investigative procedures have been tried and failed or why they reasonably appear to be unlikely to succeed if tried or to be too dangerous." 18 U.S.C. § 2518(1)(c).[4] This is commonly known as the "necessity" requirement. To satisfy it, the First

---

[3] There is no fraud or misrepresentation challenge that might require a Franks v. Delaware, 438 U.S. 154 (1978), hearing. The only issue here is necessity.

[4] Likewise, the authorizing judge must determine, based on the facts submitted, that "normal investigative procedures have been tried and have failed or reasonably appear to be unlikely to succeed if tried or to be too dangerous." 18 U.S.C. § 2518(3)(c). Judge Barbadoro made that determination for all three wiretaps.

Circuit says: "[T]he government is not required to show that other investigatory methods have been completely unsuccessful, nor is the government forced to run outlandish risks or to exhaust every conceivable alternative before resorting to electronic surveillance. It is only required to show that it has made a reasonable good faith effort to run the gamut of normal investigative procedures before resorting to means so intrusive as electronic interception of telephone calls." Rivera-Rosario, 300 F.3d at 19 (internal quotations and citations omitted). To quote Rivera-Rosario once again, the issue is "whether the facts which [the application] sets forth are minimally adequate to support the findings made by the issuing judge." 300 F.3d at 19 n.23 (internal quotations and citations omitted).

I conclude that the government meets the necessity showing here.

The application and affidavit for Target Telephones 10 and 12 are detailed. In 47 numbered paragraphs over about 24 pages,[5] the affidavit addresses the necessity requirement with specificity and in a manner (1) that is not boilerplate and (2) that details the significance Target Telephones 10 and 12 have for the investigation. The DEA agent who signed the affidavit explains the techniques investigators used over almost a year, what they had uncovered to date, and what they had been unable to uncover. He describes with specificity the limits on what confidential sources can determine; the adverse consequences that would arise from arresting target subjects or their customers at that juncture in

---

[5] Specifically, ¶¶ 70-117. Jan. 16, 2018 Wiretap Appl. & Aff. for Target Telephones 10 & 12, Aff. at 45-69.

the investigation's lifespan; the limitations on using undercover agents; what pole cameras could and could not accomplish; the likelihood that mail covers would be unhelpful; the shortcomings of physical surveillance and trackers, especially given counter-surveillance techniques employed by the suspected conspirators; the limitations of pen registers and toll analysis in comparison to a wiretap with regard to Target Telephones 10 and 12; the extent of the financial investigation up to the relevant date; what grand jury activity (testimony and subpoenas) could and could not produce; the restrictions of trash collection analysis due to dangers to the police and the employment of counter-surveillance techniques by suspected traffickers; and the limitations of search warrants.

This is enough to satisfy the necessity requirement. As the First Circuit said in approving the wiretaps in Rivera-Rosario,

> The government's application for a wiretap describes in detail the surveillance techniques which had been tried, such as physical surveillance, pen registers, closed-circuit television cameras, records checks, and debriefings. The government also described all the reasons why these tactics had been ineffective or limited in use. Moreover, the application lists other available methods which were not viable options including the use of grand jury subpoenas and search warrants, which would have alerted the conspirators to the ongoing investigation. Not only is the government's application compete, but it also demonstrates the significant lengths to which the government went before resorting to electronic surveillance.

300 F.3d at 19. See also López, 300 F.3d at 53-54 (analyzing the DEA agent's affidavit there). Those observations apply here as well. The details in the affidavit are enough to establish that the government met the necessity requirement for wiretapping Target Telephones 10 and 12.

Finally, Suazo argues in his Reply that the affidavit for Target Telephones 10 and 12 falls short of the "necessity" requirement "as explained in defendant's original motion" because (1) the conspiracy between Suazo and Mejia had ended at that time and (2) "the 'specific objectives' of the 1/16/18 affidavit include information specific as to only Suazo, not as to Suazo and Mejia." Def.'s Reply at 2-3. The argument is unpersuasive. First, the original motion barely addressed the application and affidavit for Target Telephones 10 and 12.[6] Second, whether the defendant Mejia was a target of the wiretap of Target Telephone 10 or 12 (and whether the conspiracy between Suazo and Mejia had ended) is beside the point; the goal of the investigation was broader than either Suazo or Mejia, and included, for example, "identify[ing] all participants, including Mejia and Suazo's source(s) of supply and their respective customers who [were] also involved in the distribution of" controlled substances. See Jan. 16, 2018 Wiretap Appl. & Aff. for Target Telephones 10 & 12, Aff. at 67-68. Third, the fact that "the 'specific objectives' of the 1/16/18 affidavit include information specific as to only Suazo, not as to Suazo and Mejia," is hardly a basis for Suazo to challenge the necessity for the wiretap as it concerns his intercepted communications. Finally, the justification for a wiretap is not dependent on the eventual charge (such as conspiracy with another individual), but on the grounds for investigation asserted in the application and affidavit.

---

[6] Suazo's original motion focused on Target Telephone 11 and mentioned Target Telephones 10 and 12 only in passing. See Def.'s Mot. at 14. The chief argument regarding Target Telephones 10 and 12 there seems to be that any further intercepts after the original intercept (of Target Telephone 11) were unnecessary. Given that Suazo was not among those intercepted in any of the conversations that took place on Target Telephone 11, however, as well as his described propensity to change phones, this argument fails.

### *Conclusion*

I conclude that the government has met the necessity requirement with regard to Target Telephones 10 and 12 and that Judge Barbadoro's wiretap order for those telephones was therefore proper.  As a result, and given the mootness of the request to suppress intercepts from Target Telephone 11, the defendant's motion is **DENIED** in its entirety.

**SO ORDERED.**

**DATED THIS 16TH DAY OF NOVEMBER, 2018**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**