# UNITED STATES DISTRICT COURT

# DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, | )<br>)<br>) |
| v. | ) Crim. No. 2:18-cr-26-DBH-02<br>) |
| INYEMAR MANUEL SUAZO, | )<br>)<br>) |
| Defendant | ) |

**ORDER ON DEFENDANT'S MOTION TO DISMISS INDICTMENT**

A federal grand jury has indicted Inyemar Manuel Suazo on the charge of conspiring with others to distribute and possess with intent to distribute fentanyl. Superseding Indictment (ECF No. 41). The superseding indictment also charges that Suazo "did aid and abet such conduct." Id. at 2. Suazo has moved to dismiss the superseding indictment as "duplicitous and impermissibly vague." Def.'s Mot. to Dismiss (ECF 516). He says it is duplicitous because the single count charges both "conspiring to commit a substantive offense and aiding the commission of the object of the conspiracy," id. at 1, which he says are two separate offenses that cannot be joined in a single count, id. at 1-3 (citing Fed. R. Crim. P. 8(a); United States v. Newell, 658 F.3d 1 (1st Cir. 2011); Iannelli v. United States, 420 U.S. 770 (1975); and other cases). He also says the superseding indictment is impermissibly vague because he does not know when or where he is supposed to have aided the commission of the fentanyl conspiracy's object. Id. at 8-9.

The motion is **DENIED**. First, aiding and abetting is a component of every federal crime charged, regardless of whether the words "aid and abet" are contained in the indictment. United States v. Marino, 277 F.3d 11, 29 (1st Cir. 2002) ("Aiding and abetting liability is inherent in every federal substantive crime," including conspiracy.). Since the aiding and abetting charge is inherent, including it explicitly cannot be grounds for dismissal. Second, the First Circuit has recognized that a defendant can be convicted of aiding and abetting a conspiracy. Id. at 30; see also United States v. Oreto, 37 F.3d 739, 751 (1st Cir. 1994) ("[M]ost if not all courts to consider the issue have held that a defendant may be convicted of aiding and abetting a conspiracy."). The First Circuit recently confirmed its view on the propriety of a jury charge for aiding and abetting a conspiracy in United States v. Rodriguez, 609 Fed. Appx. 8, 10 (1st Cir. 2015).

Suazo seems to think that the superseding indictment against him does not charge aiding and abetting the conspiracy, but aiding and abetting the fentanyl distribution or possession instead.[1] That is not what the superseding indictment says. It states:

> Suazo [and other named defendants] . . . knowingly and intentionally conspired with each other and others, known and unknown, to distribute, and possess with the intent to distribute, a controlled substance, namely four-hundred (400) grams or more of a mixture or substance

---

[1] He argues that "[a] person who aids in actually committing a crime that is the substantive object of a conspiracy *is punishable* as a principal committing the substantive offense," Def.'s Mot. to Dismiss at 6 (ECF 516) (emphasis in original), and he has not been charged with the substantive offense of distribution or possession, only the conspiracy.

2

> containing . . . fentanyl[], and did aid and abet such conduct . . . .

Superseding Indictment at 1-2 (ECF No. 41). It is reasonable to read the antecedent of "such conduct" as the charged conspiracy, not the distribution or possession.[2] Notably, a drug conspiracy, unlike ordinary conspiracies, does not require proof of an overt act in support of the illegal agreement. United States v. Shabani, 513 U.S. 10, 11 (1994).

If the government ultimately argues for a different reading of the superseding indictment, one more like what Suazo thinks is charged, that will be a matter to consider in the jury instructions, and in light of what the evidence at trial will support. As I said in my November 13, 2018, ruling denying an earlier motion to dismiss the indictment and for a bill of particulars, "I will evaluate that argument [that an aiding and abetting theory is not supported] at the end of trial, after the evidence has been admitted." Order on Def.'s Mot. to Dismiss Indictment or for a Bill of Particulars (ECF No. 283).[3]

---

[2] In Marino, for example, the First Circuit said: "In Cook, the state appeals court held that a defendant cannot be found guilty of a conspiracy if he was simply found to have aided and abetted in the commission of the substantive crime. . . . This question is different from the question of whether one may aid and abet the conspiracy itself." 277 F.3d at 31.

[3] It may well be that in light of the evidence, the complexity of a conspiracy aiding and abetting charge will not be justified. In most factual circumstances, if the jury will not convict on the conspiracy charge, aiding and abetting will not save the government's case. There also may be an evidentiary complexity that the parties have not addressed. Does the coconspirator exception to the hearsay rule (an out-of-court statement "made by the party's coconspirator during and in furtherance of the conspiracy," Fed. R. Evid. 801(d)(2)(E)) apply if the government cannot prove that the defendant was an actual coconspirator, but only an aider and abettor? The First Circuit says: "Statements can only be admitted under Rule 801(d)(2)(E) if the district court finds by a preponderance of the evidence (1) the existence of a conspiracy, (2) the defendant's membership in that conspiracy, (3) the declarant's membership in the same conspiracy, and (4) that the statement be made in furtherance of the conspiracy." United States v. Lyons, 740 F.3d 702, 710 (1st Cir. 2014). The language of Lyons and the text of the rule seem to leave little room for admitting out-of-court statements if the government's theory of criminality is aid and abet. This difficulty may affect the government's desire to keep the aid and abet theory in the case.

In the absence of First Circuit cases specifying the elements of aiding and abetting a conspiracy, I will of course consider carefully the statements of other Circuits and of commentators, see, e.g., United States v. Irwin, 149 F.3d 565, 570-71 (7th Cir. 1998) (aiding and abetting liability for aiding the formation of the agreement itself or furthering the conspiracy's object, goal, or purpose); United States v. Portac, Inc., 869 F.2d 1288, 1293 (9th Cir. 1989) (same); United States v. Galiffa, 734 F.2d 306, 309-10 (7th Cir. 1984) ("[O]ne can aid and abet a conspiracy by bringing the parties together to enter into the illicit agreement, [and] a person can also be convicted of aiding and abetting a conspiracy for deeds other than acting as a liaison for the parties to the agreement" as long as he "know[s] of the conspiracy's existence at the time of his act."); 2 W. LaFave, Substantive Criminal Law (Oct. 2019) § 12.2(a) (describing argument that "aiding a conspiracy with knowledge of its purposes suffices to make one a party to the conspiracy" and counter-argument that "'[a] person does not aid and abet a conspiracy by helping the "conspiracy" to commit a substantive offense, for the crime of conspiracy is separate from the offense which is its object. It is necessary to help the "conspiracy" in the commission of the crime of conspiracy, that is, in the commission of the act of agreement.'"); Comment, Complicity in a Conspiracy as an Approach to Conspiratorial Liability, 16 UCLA L. Rev. 155, 161-68 (1968) (same). The Supreme Court has had little to say on the issue. In United States v. Falcone, 311 U.S. 205, 208 (1940), it said that it did not consider the merits of the government's theory that the defendant there was "a principal in the conspiracy as an aider or abettor." In Direct Sales Co. v. United States,

319 U.S. 703, 709 (1943), it said that the Falcone "decision comes down merely to this, that one does not become a party to a conspiracy by aiding and abetting it, through sales of supplies or otherwise, unless he knows of the conspiracy; and the inference of such knowledge cannot be drawn merely from knowledge the buyer will use the goods illegally." In Rosemond v. United States, 572 U.S. 65, 75-76 (2014), its latest pronouncement on aiding and abetting liability (not a conspiracy case), the Supreme Court said that "an aiding and abetting conviction requires not just an act facilitating one or another element, but also a state of mind extending to the entire crime," and that "for purposes of aiding and abetting law, a person who actively participates in a criminal scheme knowing its extent and character intends that scheme's commission," id. at 77. I will take all this into account at the time of the jury charge.

Finally, the superseding indictment is not impermissibly vague. As I have already noted, it need not even have used the words "aid and abet" for that theory of criminality to be used at trial. It is the purpose and function of discovery to alleviate Suazo's uncertainty over what evidence the government has that he aided and abetted the conspiracy.

Accordingly, the motion is **DENIED**.

**SO ORDERED.**

**DATED THIS 21ST DAY OF NOVEMBER, 2019**

/S/ D. BROCK HORNBY
**D. BROCK HORNBY
UNITED STATES DISTRICT JUDGE**

5