# UNITED STATES DISTRICT COURT

# DISTRICT OF MAINE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | Crim. No. 2:18-cr-26-DBH-02 |
| | ) | |
| INYEMAR MANUEL SUAZO, | ) | |
| | ) | |
| Defendant | ) | |

## ORDER OF REVOCATION AND DETENTION

On December 16, 2019, I held a hearing on the government's Motion to Revoke Bail ("Motion") (ECF No. 560), in accordance with the Bail Reform Act, 18 U.S.C. § 3148(b). The Government alleged that the defendant violated the condition of his pretrial release that he "avoid all contact, directly or indirectly," with any co-defendant (except when counsel is present), as set forth in the Court's February 27, 2019, Order Setting Conditions of Release (ECF No. 338).

The defendant and his lawyer were both present at the hearing. After listening to the testimony and considering the exhibits, I found by clear and convincing evidence that the defendant did violate the no-contact condition of release. I stated on the record the reasons for my finding.

The statute provides that upon finding such a violation, the Court shall enter an order of revocation if the Court also finds that "(A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure the person will not flee or pose a danger to

the safety of any other person or the community; or (B) the person is unlikely to abide by any condition or combination of conditions of release." 18 U.S.C. § 3148(b)(2). The government did not argue that subpart (A) applies. But based on the evidence of the defendant's behavior in the days prior to jury empanelment, as presented during the hearing, I did find that the defendant falls under subpart (B) in that he is unlikely to abide by this condition of release.

At the hearing, I therefore granted the Government's motion to revoke, ordered that the defendant be detained pending the trial in this matter, and committed him to the custody of the Attorney General or his designated representative. He shall be confined in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. He shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purposes of an appearance in connection with a court proceeding.

**SO ORDERED.**

**DATED THIS 17TH DAY OF DECEMBER, 2019**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**