UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | Crim. No. 2:18-cr-26-DBH-02 |
| | ) | |
| INYEMAR MANUEL SUAZO, | ) | |
| | ) | |
| Defendant | ) | |

**DECISION AND ORDER ON GOVERNMENT'S MOTION TO DISMISS AND DEFENDANT'S MOTION FOR ACQUITTAL**

Just days before jury empanelment for the February trial list, the government requested leave to dismiss the superseding conspiracy indictment (ECF No. 41) against this remaining defendant *without* prejudice under Federal Rule of Criminal Procedure 48(a). Gov't's Mot. for Leave (ECF No. 621). The motion stated that "[t]he attorney for the government has concluded that, as of this date, the admissible portion of the available evidence would not permit a properly instructed jury to find beyond a reasonable doubt that the defendant is guilty of the charge alleged in the . . . superseding indictment." Id.[1] In response, the defendant asked that the court dismiss the charge *with* prejudice, or otherwise "preclude the government, having abandoned this matter on the eve of trial, from resuscitating the same charge at some later time," since the

---

[1] The defendant notes that the government has recently brought different charges against him in the District of New Hampshire. Def.'s Resp. to Mot. for Leave (ECF No. 632).

government "should not have brought and does not dispute it has never been able to prove" the charge. Def.'s Resp. to Mot. for Leave (ECF No. 632).[2] The government has objected to dismissal with prejudice, Gov't's Resp. to Def.'s Mot. for J. of Acquittal or Dismissal With Prejudice (ECF No. 650), and the defendant has replied to the objection, Def.'s Reply to Gov't's Obj. (ECF No. 651).

Rule 48(a) provides: "The government may, with leave of court, dismiss an indictment, information, or complaint. The government may not dismiss the prosecution during trial without the defendant's consent." Fed. R. Crim. P. 48(a).

The Supreme Court has said:

> The principal object of the "leave of court" requirement is apparently to protect a defendant against prosecutorial harassment, *e.g.*, charging, dismissing, and recharging, when the government moves to dismiss an indictment over the defendant's objection. But the Rule has also been held to permit the court to deny a Government dismissal motion to which the defendant has consented if the motion is prompted by considerations clearly contrary to the public interest.

Rinaldi v. United States, 434 U.S. 22, 29 n.15 (1977) (citations omitted).

The parties have not cited any First Circuit authority that elaborates upon Rinaldi or Rule 48(a), but I have consulted what other circuits have said. Some say that "the better practice is for the government to state its reasons for seeking dismissal contemporaneously with its motion to dismiss under Rule 48(a)," but that they do not require "dismissal of a subsequent prosecution with prejudice"

---

[2] In addition to responding to the government's motion, the defendant filed his own motion seeking acquittal or dismissal with prejudice (ECF No. 629). The defendant's motion for acquittal is **DENIED**. That relief is available only during or after trial. See Fed. R. Crim. P. 29; 26 Moore's Federal Practice: Criminal Procedure § 629.03 (2019) (under Rule 29, a motion for acquittal "is made during the trial"). I treat the rest of the motion as directed to the condition for granting the government's motion for dismissal, *i.e.*, whether it should be with or without prejudice, because an independent motion for dismissal by the defendant in this context does not appear to fit under either Rule 12 or Rule 48.

2

if the government fails to state its reasons.  See, e.g., United States v. Dyal, 868 F.2d 424, 428 (11th Cir. 1989).  Some say that the government "must provide more than conclusory reasons for seeking dismissal." See, e.g., United States v. Palomares, 119 F.3d 556, 558 (7th Cir. 1997).  In this pending case against Mr. Suazo, the government has stated its reason in the motion to dismiss, and it is not merely conclusory—"as of this date" the government cannot prove the charge, Gov't's Mot. for Leave (ECF No. 621), at least in part because government witnesses "abandon[ed] their signed plea and cooperation agreements," Gov't's Resp. to Def.'s Mot. at 3 (ECF No. 650).  Contrary to the defendant's assertion, the government has not said that it "has never been able to prove" the charge.

Some circuits state that on a Rule 48(a) motion, "the government is entitled to a presumption of good-faith," and that dismissal with prejudice should occur "only if . . . the defendant demonstrates (1) that the initial dismissal was in bad faith, or (2) that the defendant 'has been prejudiced in his ability to attack the prosecutor's motives due to the trial court's failure to require submission of adequate reasons.'" Dyal, 868 F.2d at 428 (dealing with a later dismissal with prejudice); accord United States v. Welborn, 849 F.2d 980, 983-84 (5th Cir. 1988) ("Based on the prosecutor's statement of reasons and any response by defendant, the court should determine whether the presumption of good faith is overcome by 'an affirmative reason to believe that the dismissal motion was motivated by considerations contrary to the public interest.'").  I conclude that the First Circuit would apply this presumption of good faith to a Rule 48(a) motion.  The presumption is "rooted in a proper respect for the constitutional

3

division of power between the executive and judicial branches of government," and the prosecution role lies with the executive branch. Welborn, 849 F.2d at 983; see also United States v. Goodson, 204 F.3d 508, 512-13 (4th Cir. 2000) (holding the court has limited discretion to deny a government motion to dismiss, as "[f]ew subjects are less adapted to judicial review than the exercise by the Executive of his discretion in deciding when and whether to institute criminal proceedings, or . . . whether to dismiss a proceeding once brought" (quoting Newman v. United States, 382 F.2d 479, 480 (D.C. Cir. 1967)); id. at 514 (dismissal with prejudice is a "harsh remedy for enforcement" of judicial powers).

In this case, I see no basis to overcome the presumption of good faith in the government's motion to dismiss and its stated reason. The defendant's arguments to the contrary consist of his distaste for the government using "vague" conspiracy charges; the pretrial detention he has been subjected to and his counsel's view that the Bail Reform Act is unconstitutional; his asserted innocence; the timing of the government's motion for leave to dismiss; his assertion that the government never had evidence to convict him of the charge; and the new charges in New Hampshire. Def.'s Mot. for J. of Acquittal or Dismissal With Prejudice at 1, 3-4 (ECF No. 629).

These assertions are good advocacy, but some of them are factually unsupported and the legal arguments are just argument, not yet supported by any court decision (*i.e.*, the distaste for conspiracy law and pre-trial detention). The government did not say it never had evidence to convict. After the defendant accused the government of saying that, the government rejoined that things

changed considerably leading up to the February trial date, with government witnesses abandoning their cooperation agreements. Gov't's Resp. to Def.'s Mot. at 3 (ECF No. 650). That assertion, too, is factually unsupported on this record, but I did revoke the defendant's pretrial release in December because, after an evidentiary hearing, I found then that he had improper contact with a co-defendant. Order of Revocation & Detention (ECF No. 586).

Moreover, from all appearances, the government was prepared to go to trial in December and selected a jury on December 2, 2019. Minute Entry for Proceedings re: Jury Selection (ECF No. 556). However, it was the defendant who moved to continue that trial after he was arrested on the charge of improper contact with a co-defendant. Def.'s Mot. to Continue (ECF No. 573).

To the degree there is a record, then, it tends to support the government on the stated basis for its motion. In any event, it provides no basis to overcome the presumption of good faith that attaches to the government's motion.

I return to the principles Rinaldi enunciated: the record does not show either prosecutorial harassment or considerations clearly contrary to the public interest. 434 U.S. at 29 n.15; see also 3B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 801 (4th ed. 2019) ("A dismissal properly taken under Rule 48(a) is without prejudice . . . . The result will be otherwise, and dismissal will be with prejudice, if the government sought dismissal for an improper purpose, such as harassment of the defendant.").

The government's motion to dismiss without prejudice is therefore **GRANTED** under Rule 48(a). The defendant's motion for acquittal or dismissal with prejudice is **DENIED**.

**SO ORDERED.**

**DATED THIS 28TH DAY OF FEBRUARY, 2020**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**